BASCHAB, Judge,
dissenting.
I respectfully dissent from the holding in the main opinion that the trial court did not have the authority to order a third mental evaluation of the appellant. Rule 11.2(a)(2), Ala. R.Crim. P., provides, in pertinent part:
“If the defendant has timely raised a defense of ‘not guilty by reason of mental disease or defect’ either by the entry of a plea or by filing a pre-trial motion pursuant to Rule 15, the court on its own motion may order ... an examination into the defendant’s mental condition at the time of the offense.”
Rule 11.3(a), Ala. R.Crim. P., provides, in pertinent part:
“If the circuit court determines that reasonable grounds for an examination exist, it shall either appoint a psychiatrist or psychologist to examine the defendant and to testify regarding the defendant’s mental condition, or order that an examination be conducted by a psychiatrist or psychologist appointed by the commissioner of the Department of Mental Health and Mental Retardation.”
After hearing the testimony of Dr. Ro-nan and Dr. Rosenzweig during the December 16, 2001, hearing on the appellant’s pretrial motion to find him not guilty by reason of mental disease or defect and to commit him to the Alabama Department of Mental Health and Mental Retardation, the trial court stated that it was going to order a third evaluation because it was not satisfied that Ronan and Rosenzweig had completed an adequate investigation into the appellant’s history of violent behavior. On February 1, 2002, the trial court held a hearing on the appellant’s motion to reconsider its decision to order an additional evaluation. During that hearing, Ronan and Rosenzweig testified more thoroughly about their investigation into the appellant’s history of prior violent behavior. However, the trial court stated that it still had concerns as to the defense’s theory about why the appellant had acted as he did at the time of the offense. Because the trial court still had concerns about the appellant’s theory of defense, there were reasonable grounds for ordering another mental examination of the appellant. Therefore, the trial court properly denied the appellant’s “Motion to Enter Judgment of Not Guilty by Reason of Insanity and to Commit the Defendant to the Alabama Department of Mental Health and Mental Retardation” and ordered an additional outpatient examination of the appellant. Accordingly, I respectfully dissent.